UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIJUNA CAPRICE BROWN-HAWKINS | CIVIL ACTION NO. 21-976 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| LANDRY'S, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a motion to dismiss for insufficient service of process, failure to state a claim, and failure to exhaust administrative remedies, filed by Defendant, Landry's LLC. Record Document 12. Although pro se Plaintiff, Tijuna Caprice Brown-Hawkins, has not filed a response, the motion is ripe for review because more than 21 days have elapsed since Defendant filed the motion.[1] *See* Record Document 13. For the reasons below, the motion [Record Document 12] is **GRANTED** to the extent it seeks dismissal for improper service. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

This appears to be an employment discrimination suit. In filling out the pro se complaint for employment discrimination claims, Plaintiff has alleged causes of action pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. Record Document 1 at 3. Plaintiff also checked the box for other federal law claims and wrote "sexual harassment, whistleblower retaliation, and hostile work environment." *Id.* However, Plaintiff's complaint is devoid of any factual allegations other than that she was forced to resign on October 22, 2020. *Id.* at 4. Even construing a pro se litigant's

---

[1] Plaintiff filed an objection to an extension of time request on August 4, 2021. Record Document 20. It is not clear to the Court if this was also to serve as an untimely response to the motion to dismiss. To the extent she intended to respond to the motion, the Court has considered it as such.

pleadings broadly, the Court cannot determine if Plaintiff has pleaded any cognizable claims against Defendant.

More germane, however, is that Plaintiff has failed to perfect service on Defendant within 90 days after the complaint was filed. Fed. R. Civ. P. 4(m); *See* Record Documents 2, 4, 18, & 21. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). "A litigant's pro se status neither excuses [her] failure to effect service nor excuses [her] for lack of knowledge of the Rules of Civil Procedure." *Thrasher*, 709 F.3d at 511 (citations omitted). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (internal quotation marks and citations omitted).

Plaintiff filed her complaint on April 12, 2021. Record Document 1. As such, she had to perfect service by July 11, 2021. *See* Record Document 3. Plaintiff unsuccessfully attempted service in April 2021. Record Documents 2 & 4. Defendant filed the instant motion on June 23, 2021, in which it notified Plaintiff that she failed to serve Defendant through its registered agent or an individual otherwise authorized to receive service under Federal Rule of Civil Procedure 4. Record Document 12 at 9. Plaintiff has not attempted to re-serve Defendant or offer any explanation for

the service failure.[2] In fact, Plaintiff has failed to offer any specific response to the instant motion and thus has failed to meet her burden in proving proper service.[3]

Accordingly, Defendant's motion to dismiss [Record Document 12] is **GRANTED** to the extent it seeks dismissal for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

A separate judgment will be issued herewith.

**THUS DONE AND SIGNED** this __14th__ day of October, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff did file a receipt showing that she mailed something to Tracy Bourgeois, an employee of Defendant, in March before the suit was filed and something again to Tracy Bourgeois on April 28, 2021, presumably the complaint. Record Document 21.

[3] If dismissal causes any of Plaintiff's claims to become time barred, the Court notes one aggravating factor in support of dismissal: "delay caused by the plaintiff [herself]." *Thrasher*, 709 F.3d at 514 (cleaned up). Additionally, considering Plaintiff's pro se status, a dismissal based on insufficient service is more appropriate than the alternative: dismissal with prejudice for failure to state a claim.